IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SEAN BARNETT,                              No C09-5605 VRW

        Plaintiff,                    ORDER

        v

SAL MARTINEZ, #782, et al,

        Defendants
_____/

        Plaintiff Sean Barnett alleges section 1983 claims against the named individual defendants (described in the complaint as "AGENTS" employed by the Alcoholic Beverages Control agency) and the State of California as well as six state law pendent claims. Doc #1-1. Defendants seek to dismiss under FRCP 12(b)(6) on three grounds: (1) insufficient factual allegations to make out the claims alleged; (2) insufficient factual allegations showing that all the individual defendants participated in the alleged wrongs and (3) immunity under California Government Code section 821.6 against all state law claims except the false arrest claim (one of the six state law claims). Doc #20 at 5.

On May 13, 2010 the court heard oral argument on the individual defendants' motion to dismiss. For the reasons stated below defendants' motion to dismiss is denied.

I

The first two grounds of defendants' motion are easily addressed. Paragraphs 7 through 20 of the complaint satisfy the "short and plain statement" requirement to give notice of the claim that plaintiff is entitled to relief. FRCP 8(a)(2). The problem that defendants seek to have the court address cannot properly be addressed by a motion under FRCP 12(b)(6). That problem arises from the inconsistency between the facts alleged and those of which defendants seek to have the court take judicial notice. Although defendants evidently have good grounds that facts for which they seek notice are the true facts, those facts do not trump the alleged facts on a motion under FRCP 12(b)(6). <u>Bell Atlantic Corp v Twombly</u>, 550 US 544, 555 (2007).

Defendants' proper procedural recourse is a motion under FRCP 56 as to which plaintiff can stipulate as to certain issues or present contrary evidence. Even better would be a telephone call to opposing counsel pointing out the perceived deficiencies in the complaint.

Plaintiff does not oppose dismissal of the State of California on the grounds of immunity under the Eleventh Amendment and the state's incapacity to be sued as a "person" within the meaning of 42 USC §§ 1981, 1983. Doc #24. Defendant State of California is therefore dismissed from this action.

\\

II

Plaintiff operated a private adult club named Club Flirt on "Folsom Avenue" in San Francisco, California. Cmplt ¶ 7. According to the complaint defendants conducted an undercover investigation of plaintiff's landlord. Cmplt ¶ 8. The ABC filed an accusation against plaintiff's landlord, operator of the adjacent Cat Club, on April 2, 2009. Defs' Req for Judicial Notice (Doc #21) Ex B.

On August 16, 2008, plaintiff hosted an event at the "Folsom Avenue" location, and at approximately 10:00 pm defendants entered the club and detained plaintiff. Id ¶¶ 9-10. Defendants allegedly patted down plaintiff for weapons and asked plaintiff for use of a room to interview witnesses and suspects. Id ¶ 10. Plaintiff alleges that defendants detained him for a "considerable period of time" and told him that he would be allowed to leave if he spoke but would be arrested if he refused. Id ¶ 11. Plaintiff alleges that he was not informed of his *Miranda* rights. Id. After defendants told plaintiff that he was not the subject of the investigation and after questioning, plaintiff was allowed to leave and told that he could take his property if he so desired. Id ¶ 12. Defendants allegedly told plaintiff that the event might be allowed to continue, so plaintiff left his property on the premises except for his money and car keys. Id ¶ 12.

Plaintiff alleges that he owned a licensed firearm and left it on the premises. Defendants allegedly discovered the firearm in plain sight and determined that it was registered to plaintiff. Id ¶ 13. Defendants allegedly located plaintiff on the street and asked him to accompany them to answer a few more

3

1  questions; plaintiff did so.  Id ¶ 14.  Once inside the club
2  defendants allegedly ordered plaintiff to place his hands on his
3  head and patted him down.  Id ¶ 15.  Plaintiff was allegedly grabbed
4  by the thumbs and escorted upstairs where he was place in handcuffs.
5  Id.

6       Defendants allegedly conducted another search and accused
7  plaintiff of carrying a concealed weapon which plaintiff denied.  Id
8  ¶ 16.  Defendants then allegedly placed plaintiff under arrest and
9  seized his property including his cash and firearm.  Id ¶ 17.
10 Plaintiff was taken to the San Francisco jail where he was booked,
11 and his bail was set at $75,000.  Id ¶ 18.  Plaintiff was released
12 upon payment of a bail bond at about 1:00 pm on August 17, 2008.  Id
13 ¶ 19.  Plaintiff alleges that his firearm and $2,000 in cash were
14 not returned to him and remain in defendants' possession.  Id ¶ 19.
15 Plaintiff alleges that when he appeared in court on August 21, 2008
16 he was informed by the clerk that no charges were being tendered and
17 that he was free to go.  Id ¶ 20.

18      In his first claim for relief, plaintiff alleges that
19 defendants deprived him of the rights to be free from unreasonable
20 searches and seizures; deprivation of life, liberty or property
21 without due process of law; excessive force; cruel and unusual
22 punishment and pre-judgment punishment; and arrest without probable
23 cause.  Plaintiff also seeks claims for state law violations: false
24 imprisonment; intentional infliction of emotional distress;
25 negligence; assault and battery; false arrest in violation of
26 California Civil Code § 52.1; and conversion and trespass to
27 personal property.
28 \\

The individual ABC agent defendants seek dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on the following grounds: the complaint fails to set forth facts sufficient to state a viable false arrest claim; the complaint fails to set forth facts showing that non-arresting agents were integral participants in any alleged violation of law; and defendants are immune from the tort claims under state law, except for false arrest, under California Government Code section 821.6.

## III

A motion to dismiss under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." Navarro v Block, 250 F3d 729, 732 (9th Cir 2001). Because FRCP 12(b)(6) focuses on the sufficiency of a claim — and not the claim's substantive merits — "[o]rdinarily[] a court may look only at the face of the complaint to decide a motion to dismiss." Van Buskirk v Cable News Network, Inc, 284 F3d 977, 980 (9th Cir 2002).

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 US 544, 569 (2007). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v Pacifica Police Dep't, 901 F2d 696, 699 (9th Cir 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v Liberty Mutual Ins Co, 80 F3d 336, 337-38 (9th Cir 1996). Moreover, all inferences reasonably drawn from these facts must be

construed in favor of the responding party. General Conference Corp of Seventh-Day Adventists v Seventh-Day Adventist Congregational Church, 887 F2d 228, 230 (9th Cir 1989).

A

Defendants contend that plaintiff's complaint is premised upon the allegation that he was arrested for carrying a concealed weapon without probable cause but that the allegations are not sufficient to state a viable false arrest claim under the Fourth Amendment or state law. Defendants acknowledge that "plaintiff correctly asserts that he was not carrying the firearm at the instant of his arrest." Doc #20 at 9. Defendants suggest that plaintiff carried the handgun concealed in the ankle holster until "ditching it before being patted-down." Id. Pursuant to Federal Rule of Evidence 201 the court takes judicial notice of the arrest report dated August 18, 2008 in which the arresting officer, defendant Sal Martinez, reports that he found a loaded handgun lying on the floor in an ankle holster. Doc #21-1 at 2. The arresting officer's report supports the undisputed allegation that plaintiff was not carrying the weapon at the time of arrest. This factual allegation is sufficient to support the plausibility of plaintiff's claim that defendants had no probable cause for arrest. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v Iqbal, 129 S Ct 1937, 1949 (2009).

A determination whether there was probable cause at the time of the arrest is based upon the information the officer had at

the time of making the arrest, a determination that should be made at a later stage of the litigation with the benefit of evidentiary support.  See John v City of El Monte, 515 F3d 936, 941 (9th Cir 2008) ("The existence of probable cause necessarily turns upon the particular facts of the individual case.").  At the pleading stage, accepting all allegations of material fact as true, the court finds that plaintiff has sufficiently alleged a plausible claim for false arrest.

B

Defendants contend that even if plaintiff could allege a viable claim against ABC agent Sal Martinez, plaintiff has not sufficiently alleged constitutional violations by the other named agents: Levy Barnes, Casey Tinloy, Justin Gebb, Monica Molthen, Guadalupe Ochoa, Robert Anderson, Jesus Gutierrez, Michelle Ott and Cynthia Verbis.  Plaintiff contends that the allegations demonstrating that these agents were "integral participants" is alleged "not in explicit terms [but] certainly is implied."  Doc #26 at 5.  Causes of action are not alleged by implication.  The claims against the named defendants, other than Agent Martinez, are dismissed with leave to amend the complaint to include factual allegations that meet the pleading standard set forth in Iqbal.  See Moss v US Secret Service, 572 F3d 962, 970 (9th Cir 2009).

C

Defendants seek dismissal of the state law claims other than false arrest on the ground that California Government Code section 821.6 bars those claims: intentional infliction of emotional

distress; negligence; assault and battery; and conversion and trespass to personal property based on the seizure of plaintiff's firearm and personal property during the ABC agents' search. Defendants concede that Government Code section 820.4 does not provide immunity from liability for false arrest or false imprisonment. Doc #20 at 12 n3.

Defendants cite <u>County of Los Angeles v Superior Court (West)</u>, 181 Cal App 4th 218 (2009) to support their argument that the investigating agents are immune under Government Code section 821.6, which provides

> A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause.

In <u>West</u>, the court of appeal held that prosecutorial immunity pursuant to section 821.6 protects not only against the act of filing a criminal complaint but also against "[a]cts taken during an investigation prior to the institution of a judicial proceeding * * * because investigations are an essential step toward the institution of formal proceedings." 181 Cal App 4th at 229. Prosecutorial immunity under section 821.6 "extends to immunize against claims by those suffering the injury who are not the target of the prosecution." Id.

In the published portion of its opinion in <u>West</u>, the court of appeal held that the trial court erred in denying summary adjudication for the District Attorney and the County and held that prosecutorial immunity under section 821.6 shielded the defendants from liability for the civil rights claim under Civil Code section 52.1 and the claim of involuntary bailment. The court noted that

1  the complaint did not name as a party anyone who actually obtained
2  the search warrant or conducted the search and seizure.  181 Cal App
3  4th at 227.  Defendants' reliance on the limited holding of West is
4  misplaced here, where plaintiff pursues claims against the arresting
5  agents for conduct that allegedly occurred during plaintiff's
6  arrest.

7  Plaintiff concedes that section 821.6 provides immunity
8  from liability for conduct during an investigation or for publicity
9  regarding an investigation and arrest.  Doc #26 at 7.  Plaintiff
10 contends however that section 821.6 does not protect defendants
11 against immunity from liability for conduct that occurred at and
12 around the time of plaintiff's arrest, citing Blankenhorn v City of
13 Orange, 485 F3d 463, 488 (9th Cir 2007).  In Blankenhorn, the court
14 of appeals held that "section 821.6, as it applies to police
15 conduct, is limited to actions taken in the course or as a
16 consequence of an investigation."  The court noted that the
17 principal function of section 821.6 is to provide relief from
18 malicious prosecution and distinguished tortious conduct that
19 occurred during an arrest rather than investigation of crimes.  Id
20 at 487-88.  The court held that "[b]ecause Blankenhorn's assault and
21 battery, negligence, and intentional infliction of emotional
22 distress claims are based on acts that allegedly happened during his
23 arrest, not pursuant to an investigation into his guilt, section
24 821.6 does not confer immunity from those claims upon Defendants."
25 Id at 488.  The state court of appeal made a similar distinction in
26 West, noting that the allegations of malicious prosecution is
27 exactly that which section 821.6 was designed to immunize, but
28 \\

9

recognizing that it did not immunize against liability for unlawful conduct during an arrest:

> We held in [Gillan v City of San Marino, 147 Cal App 4th 1033, 1050 (2007)] that where Government Code section 821.6 provides no immunity from liability for false arrest or false imprisonment, it was not available to immunize a public employee for alleged violations of Civil Code section 52.1 where that cause of action in Gillan was "based on an arrest without probable cause * * * ."

181 Cal App 4th at 231-32.  Taking plaintiff's allegations as true, defendants' motion to dismiss the state law claims is denied.

IV

For the foregoing reasons, defendants' motion to dismiss is granted with leave to amend as to the claims against defendants Levy Barnes, Casey Tinloy, Justin Gebb, Monica Molthen, Guadalupe Ochoa, Robert Anderson, Jesus Gutierrez, Michelle Ott and Cynthia Verbis.  Defendants' motion is DENIED on all other grounds.

If plaintiff chooses to amend, he must file an amended complaint by June 18, 2010.  In the absence of filing an amended complaint, the action will proceed on the present complaint.  Defendants shall have until July 19, 2010 by which to answer.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge